IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL ALLEN KELLEY,

        Petitioner,        Civil No. 07-852-TC

        v.        FINDINGS AND RECOMMENDATION

OREGON BOARD OF PAROLE,

        Respondent.

COFFIN, Magistrate Judge.

Petitioner, an inmate in the custody of the Oregon Department of Corrections filed a petition for habeas corpus relief under 28 U.S.C. § 2254, challenging a decision of the Oregon Board of Parole and Post-Prison Supervision which adjusted petitioner's prison term range.

On February 2, 2008, respondent filed an Answer (#18) and

1 - FINDINGS AND RECOMMENDATION

Response (#17) moving to deny petitioner's petition and dismiss this proceeding. Petitioner did not file a reply. The matter was taken under advisement by the court on April 28, 2008.

By order (#20) entered May 2, 2008, petitioner was ordered to show cause in writing by June 2, 2008, why respondent's unopposed response (motion to deny petition) should not be allowed. Petitioner was advised that failure to file a reply or to show cause as directed in the court's order would result in the dismissal of this proceeding. Petitioner has not responded to the court's order.

A state prisoner must exhaust all available state remedies before a federal court may consider federal habeas corpus relief. 28 U.S.C. § 2254(b)(1); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999); <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991) [requiring dismissal of federal petition unless all available state remedies as to all federal claims are exhausted]. The essence of the requirement is that no state remedy exists at the time the petition was filed. <u>RTose v. Lundy</u>, 455 U.S. 509 (1982). A prisoner satisfies the exhaustion requirement by "fairly presenting" his claims to the highest state court with jurisdiction to consider them,

2 - FINDINGS AND RECOMMENDATION

thereby "afford[ing] the state courts meaningful opportunity to consider [the] allegations of legal error." Vasquez v. Hillary, 474 U.S. 254 (1986); see also, Duncan v. Henry, 513 U.S. 364 (1995).

If a petitioner does not fairly present his federal claims in state court, and can no longer do so because they are procedurally barred under state law, the claims are technically exhausted. Coleman v Thompson, supra; Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). In such cases, the claims are procedurally defaulted in federal court because they were not *properly* exhausted, O'Sullivan, 526 U.S. at 848, and federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a miscarriage of justice." Wainwright v. Sykes, 433 U.S. 72 (1977); Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir. 1993);

"'Cause' is a legitimate excuse for the default and 'prejudice' is actual harm resulting from the alleged constitutional violation." Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991).

"Cause" exists only where there is a showing that "some

3 - FINDINGS AND RECOMMENDATION

objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). The fact that trial counsel failed to recognize the factual or legal basis of the claim does not excuse a default. Id. at 486. Nor does an ineffective assistance of counsel claim constitute "cause" for the default if the ineffective-assistance claim was, itself, defaulted. Edwards v. Carpenter, 529 U.S. 446, 450-51 (2000).

Since no constitutional right to counsel exists on a collateral proceeding, the failure to provide effective assistance at such proceedings does not constitute "cause" sufficient to relieve a default. Coleman, 501 U.S. at 572.

"Prejudice" exists only if "actual and substantial disadvantage" resulting form the procedural default is shown. U.S. v. Frady, 456 U.S. 152 (1982). It is not enough to demonstrate the mere possibility of prejudice. Actual prejudice must be demonstrated. Id.

Respondent's un-controverted exhibits establish that petitioner did not exhaust state remedies with respect to the claims that he alleges in this proceeding and that the claims are procedurally defaulted because the time for bringing them as expired. Petitioner has not alleged any cause and

4 - FINDINGS AND RECOMMENDATION

prejudice that would excuse the procedural default or indicate that this court's failure to consider his claims will result in a fundamental miscarriage of justice.

Accordingly, petitioner's Petition (#1) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this 27 day of June, 2008.

Thomas M. Coffin
United States Magistrate Judge

5 - FINDINGS AND RECOMMENDATION